**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE HURON CONSULTING GROUP, INC. DERIVATIVE LITIGATION | Lead Case No. 09-cv-6284 |
| | Judge Elaine E. Bucklo |
| This Document Relates To: | |
| ALL ACTIONS | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION**
**TO STAY FEDERAL PROCEEDINGS PENDING THE**
**RESOLUTION OF PARALLEL STATE PROCEEDINGS**

**THE MILLER LAW FIRM, P.C.**
E. Powell Miller
Marc L. Newman
Jayson E. Blake
950 West University Drive
Suite 300
Rochester, Michigan 48307
Tel: (248) 891-2200

**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
Mary Jane Fait
Adam J. Levitt
John E. Tangren
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Tel: (312) 984-0000
Fax: (312) 984-0001

**BARROWAY TOPAZ KESSLER**
 **MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Tara P. Kao
280 King of Prussia Road
Radnor, Pennsylvania 19087
Tel: (610) 667-7706

*Counsel for Plaintiffs*

DATED: January 29, 2010

# TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................................1

II.    FACTUAL BACKGROUND ................................................................................1

III.   PROCEDURAL HISTORY...................................................................................3

      A.    This Action.................................................................................................3

      B.    The State Court Action ..............................................................................4

IV.   ARGUMENT .......................................................................................................5

      A.    The Federal Action Should Not Be Stayed
           In Favor of the Lagging State Court Action ..............................................5

           1.    The Federal Action and State Court Action Are Not Parallel ....................7

           2.    The *Colorado River* Factors Warrant Denial of the Stay .........................10

                a.   The Federal Court Has Exclusive Jurisdiction over Plaintiffs' Section
                    14(a) Claims.........................................................................................11

                b.   The Order in Which Jurisdiction Was Obtained Is
                    Inconsequential....................................................................................13

                c.   The Federal Action Has Progressed Further Than the State
                    Action..................................................................................................13

                 d.   Federal Court Is More Convenient Than State Court..............................14

                 e.   All Other *Colorado River* Factors Are Neutral or Inapplicable..............15

V.    CONCLUSION ...................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*AAR Int'l Inc. v. Nimelias Enter. S. A.*,
    250 F.3d 510 (7th Cir. 2001) ...................................................................8, 10

*Albert Trostel & Sons Co. v. Notz*,
    536 F. Supp. 2d 969 (E.D. Wis. 2008)..........................................................11

*Allendale Mut. Ins. Co. v. Bull Data Sys. Inc.*,
    10 F.3d 425 (7th Cir. 1993) .........................................................................6

*Brinks Inc. v. Mahone*,
    No. 08 C 4711, 2008 WL 4543033 (N.D. Ill. Oct. 8, 2008) ......................10-11

*Caminiti & Iatarola, Ltd. v. Behnke Warehousing Inc.*,
    962 F.2d 698, 701 (7th Cir 1992) ...............................................................7, 11

*Clark v. Lacy*,
    376 F.3d 682 (7th Cir. 2004) ......................................................................12, 14

*Colo. River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976)...................................................................... passim

*Day v. Union Mines, Inc.*,
    862 F.2d 652 (7th Cir. 1988) .......................................................................12

*Fields v. Allied Capital Corp.*,
    No. 89 Civ. 5679 (TPG), 1990 WL 128908 (S.D.N.Y. Aug. 28, 1990) .............9

*Finkielstain v. Seidel*,
    857 F.2d 893 (2d Cir. 1988).........................................................................9

*Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*,
    180 F.3d 896 (7th Cir. 1999) .......................................................................7

*In re Comverse Tech., Inc. Derivative Litig.*,
    No. 06-CV-1849 (NGG)(RER), 2006 WL 3193709 (E.D.N.Y. Nov. 2, 2006).............9, 11

*Lawrence v. Cohn*,
    932 F. Supp. 564 (S.D.N.Y. 1996) ...............................................................9

*McGough v. First Arlington Nat'l Bank*,
    519 F.2d 552 (7th Cir. 1975) .......................................................................9

*Medema v. Medema Builders, Inc.*,
    854 F.2d 210 (7th Cir. 1988) ........................................................................9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) .....................................................................................6, 7

*Prominent Consulting LLC v. Allen Bros. Inc.*,
    543 F. Supp. 2d 877 (N.D. Ill. 2008) ...........................................................9

*Seidel v. Byron*,
    405 B.R. 277 (N.D. Ill. 2009) .....................................................................12

*Snellback Props. L.L.C. v. Aetna Dev. Corp.*,
    No. 08 C 73262009 WL 1606945 (N.D. Ill. June 9, 2009) ...............................9

*SST Global Tech., LLC v. Chapman*,
    270 F. Supp. 2d 444 (S.D.N.Y. 2003) ...........................................................9

*TruServ Corp. v. Flegles, Inc.*,
    419 F.3d 584 (7th Cir. 2005). .....................................................................6, 8

*Tyrer v. City of South Beloit, Ill.*,
    456 F.3d 744 (7th Cir. 2006) .......................................................................6

*Velazquez v. Office of Illinois Sec'y of State*,
    No. 09 C 3366, 2009 WL 3670938 (N.D. Ill. Nov. 2, 2009).............................7

*Woodford v. Comy. Action Agency of Greene County, Inc.*,
    239 F.3d 517 (2d Cir. 2001).........................................................................7

## STATUTES

15 U.S.C. § 78aa......... ...............................................................................................8

## SECONDARY AUTHORITIES

17A *Moore's Federal Practice* §122.06 (Matthew Bender 3d ed.)..........................................8, 10

Erwin Chermerinsky, *Federal Jurisdiction*, §14.3 (3d ed. 1999).................................................10

## I.     <u>INTRODUCTION</u>

Defendants' Motion to Stay Federal Proceedings Pending the Resolution of Parallel State Proceedings ("Motion") is nothing more than a blatant attempt at forum-shopping. Defendants waited to file their Motion until after four different judges were rejected in the state court action and Defendants had apparently found a state court judge they deemed satisfactory. Defendants' Motion should be denied because Defendants are unable to satisfy the test set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The federal action has progressed further than the state court case and contains valuable federal law claims which cannot be adjudicated in state court. Furthermore, this Court is the most efficient forum, as it can best facilitate the coordination of discovery between this derivative action and the related federal securities class action, which is also pending before this Court. Since the federal and state court actions are not "parallel," and an examination of the *Colorado River* factors favors this Court's retention of jurisdiction over this matter, Defendants' Motion should be denied, as Defendants have failed to meet the high burden of demonstrating that the extraordinary relief of a stay is warranted.

## II.     <u>FACTUAL BACKGROUND</u>

Plaintiffs bring this shareholder derivative action on behalf of Nominal Defendant Huron Consulting Group Inc. ("Huron") against members of its Board of Directors ("Board") and certain of its current and former executive officers. (Verified Consol. S'holder Derivative Compl., filed Jan. 15, 2010 (Dkt No. 35) ("Compl.") ¶ 1.) Plaintiffs bring this derivative action seeking relief for the damages sustained as a result of Defendants' violations of state and federal law, including their breaches of fiduciary

duties of good faith and loyalty, as well as waste of corporate assets, unjust enrichment, and violations of § 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"). (*Id.* ¶ 2.)

Huron was founded in 2002 by some of the former partners of the accounting firm Arthur Anderson after that firm was implicated in the Enron accounting scandal. Huron touts itself as possessing expertise in accounting, corporate governance, regulatory, and compliance issues. (*Id.* ¶ 3.)

On Friday, July 31, 2009, Huron issued a press release ("July 31, 2009 Press Release"), stating that the Company would restate its financial statements "for the fiscal years 2006, 2007, 2008 and the first quarter of 2009" (the "Restatement"). The Restatement was necessary because the Company failed to correctly account for "certain acquisition-related payments received by [certain persons] in connection with the sale of certain acquired businesses that were subsequently redistributed among themselves and to other select Huron employees." (*Id.* ¶ 4.) Some of the Company's payments that were made to the "selling shareholders" of the businesses it acquired were redistributed among selling shareholders in amounts that were disproportionate to their interests in the acquired businesses; other payments were redistributed to Huron employees who were not selling shareholders but had been employed by the "selling shareholders." (*Id.* ¶ 5.) These payments relate to four businesses that the Company acquired between 2005 and 2007. (*Id.* ¶ 8.)

These "earn-out" payments were not recorded in accordance with Generally Accepted Accounting Principles ("GAAP"), which require an issuer such as Huron to disclose the payments and then record them for tax purposes as non-cash compensation

expenses.  Once classified as an expense, the amount must be charged (deducted) against a company's earnings, thus reducing reportable net income.  (*Id.* ¶ 6.)  Huron's improper accounting resulted in a material overstatement of its EBITDA and net income by approximately $57 million.  (*Id.* ¶ 7.)

Defendants' wrongdoing has exposed Huron to massive liability in the form of costs and expenses in connection with SEC investigations, as well as other losses and damages.  Indeed, because the very nature of its operations is to advise companies on how to avoid accounting missteps, Huron's representation and goodwill have been irreparably damaged.  As such, Defendants have breached their duties to the Company and shareholders, causing damages to Huron.  (*Id.* ¶ 15.)

## III.   <u>PROCEDURAL HISTORY</u>

### A.   <u>This Action</u>

Plaintiff Oakland County Employees' Retirement System ("Oakland County") filed this derivative action in the United States District Court for the Northern District of Illinois on October 7, 2009, bringing claims against Huron Consulting Group Inc. and various directors and officers of Huron.  (Dkt. No. 1.)  The Complaint alleged the following claims: a derivative claim for disgorgement under the Sarbanes-Oxley Act of 2002 against Director Defendant Holdren and Officer Defendants Burge and Lipski (Count I); a derivative claim for violations of Section 14(a) of the Exchange Act against Director Defendants (Count II); a derivative claim for breaches of fiduciary duty against Director Defendants and Officer Defendants (Count III); a derivative claim for abuse of control against Director Defendants and Officer Defendants (Count IV); a derivative claim for gross mismanagement against Director Defendants and Officer Defendants

(Count V); a derivative claim for waste of corporate assets against Director Defendants and Officer Defendants (Count VI); a derivative claim for unjust enrichment against Director Defendants and Officer Defendants (Count VII); and a derivative claim for aiding and abetting breaches of fiduciary duty against Director Defendants and Officer Defendants (Count VIII). (*Id.*)

Plaintiff Lawrence J. Goelz ("Goelz") filed a derivative action in federal court on October 12, 2009, asserting claims for breach of fiduciary duty and unjust enrichment. Plaintiff Philip R. Wilmore ("Wilmore") filed his derivative action on October 12, 2009, also bringing claims for breach of fiduciary duty and unjust enrichment.

On November 23, 2009, Oakland County, Wilmore, and Goelz were appointed Lead Plaintiffs and an Executive Committee consisting of The Miller Law Firm, Barroway Topaz Kessler Meltzer and Check, and Wolf Haldenstein Adler Freeman & Herz was appointed lead counsel. (Dkt. No. 15.) On January 15, 2010, Lead Plaintiffs filed their Consolidated Complaint. (Dkt. No. 35.) The Consolidated Complaint was the product of a thorough investigation by counsel recognized as industry leaders. It is comprehensive and complete, and certainly superior to the bare bones Complaints filed in the State Court Action. Defendants will file a responsive pleading within 20 days of the Court's decision on this Motion, which the Court has indicated it will issue by mail on or about March 16, 2010. (Dkt. No. 27.) A status conference is currently set for April 1, 2010.

### B.    The State Court Action

On August 28, 2009, only eleven days after Huron issued its restated financial statements, two shareholder derivative lawsuits were filed in the Cook County Circuit

Court, Illinois, by plaintiffs Brian Hacias and Curtis Peters respectively. These complaints were clearly "race to the courthouse" complaints, as the Hacias suit named only defendants Holdren, Burge and Lipski, but failed to name Huron's other directors as defendants – a fatal omission in a derivative action. The Hacias and Peters cases (collectively "State Court Action") were consolidated in the Chancery Division of Cook County on September 21, 2009.

While the State Court Action was commenced on August 28, 2009, it has made little progress in the five months since it was filed, besides Defendants' rejections of multiple state court judges. Indeed, the State Court parties have now caused the case to be reassigned four different times (*see* Ex. A, State Court Action Reassignment Orders), before Defendants were finally satisfied with the fifth assigned judge, the Honorable Martin S. Agran.[1] An Order appointing lead counsel and setting a schedule was only recently entered on January 7, 2010. (*See* Ex. B, State Court Action Jan. 7, 2010 Order.) Pursuant to this Order, an operative consolidated amended complaint will be filed within 60 days (March 8), and answers or motions to dismiss will be filed 45 days later (April 22). (*Id.*)

## IV. ARGUMENT

### A. The Federal Action Should Not Be Stayed in Favor of the Lagging State Court Action.

Defendants are seeking to stay this action in favor of the State Court Action under the abstention doctrine articulated in *Colorado River*. In *Colorado River*, the United States Supreme Court held that a federal court has the authority to decline to exercise jurisdiction over an action in favor of a parallel state court proceeding under

---

[1] Under 735 ILCS 5/2-1001(a)(2), parties are permitted to request that a case be re-assigned to another judge if they do not wish the originally-assigned judge to hear the case.

circumstances which would promote "(w)ise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817. The Court noted that "[a]bstention . . . is the exception, not the rule," and is justified "only in [ ] exceptional circumstances." *Id.* at 813. The Supreme Court has also observed that although the conservation of judicial resources may justify abstention in certain cases, "the balance [is] heavily weighted in favor of the exercise of jurisdiction" by the federal courts, and not in favor of abstention. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). The "presumption is against abstention." *Allendale Mut. Ins. Co. v. Bull Data Sys. Inc.*, 10 F.3d 425, 430 (7th Cir. 1993). Indeed, the Supreme Court has emphasized that "our task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone*, 460 U.S. at 25-26 (emphasis in original).

To determine whether a stay is appropriate under the *Colorado River* doctrine, the district court must undertake a two-part inquiry. First, the court must determine whether the concurrent state and federal lawsuits are parallel. *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006). If the cases are found to be parallel, the next task is "to balance the considerations that weigh in favor of, and against, abstention, bearing in mind the exceptional nature of the measure." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005).

The Seventh Circuit has recognized the following factors: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3)

6

the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Id.* at 592; *Caminiti & Iatarola, Ltd. v. Behnke Warehousing Inc.*, 962 F.2d 698, 701 (7th Cir 1992). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Moses H. Cone*, 460 U.S. at 15-16. "[T]he balance [is] heavily weighted in favor of the exercise of jurisdiction." *Id.* at 16. Therefore, "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it." *Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001). The application of these factors to the facts here militates in favor of denying the Motion.

### 1.     The Federal Action and State Court Action Are Not Parallel.

The threshold determination the Court must make in considering whether to stay this case in favor of the State Court Action is whether the two cases are "parallel." Actions are considered parallel for the purposes of the *Colorado River* doctrine if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.,* 180 F.3d 896, 898 (7th Cir. 1999). Cases are parallel only if "there is a 'substantial likelihood' that the [state] litigation 'will dispose of all claims presented in the federal case.'" *Velazquez v. Office of Illinois Sec'y of State*, No. 09 C 3366, 2009 WL 3670938, at *4 (N.D. Ill. Nov.

2, 2009); *see also* 17A *Moore's Federal Practice* § 122.06[1] (Matthew Bender 3d ed.) ("The critical determination is whether the state litigation will dispose of all of claims raised in the federal court action."). Any doubt regarding the parallel nature of the state court suit with the concurrent federal court suit should be resolved in favor of exercising federal jurisdiction. *TruServ*, 419 F.3d at 593; *see also AAR Int'l Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 520 (7th Cir. 2001) ("any doubt regarding the parallel nature of the foreign suit should be resolved in favor of exercising jurisdiction.")

A careful comparison of the State Court Action and this Action reveals that they are not in fact parallel. The State Court Action does not encompass all of the claims being asserted in the Federal Action. Unlike in the State Court Action, Plaintiffs here have alleged violations of § 14a of the Exchange Act. Specifically, Plaintiffs allege that Defendants issued materially false and misleading statements to shareholders which failed to disclose that its auditors PricewaterhouseCoopers ("PwC") gave Huron's financial statements "clean" audit opinions, even though PwC knew that Huron's stated income and earnings were inflated by $53 million in those financial statements as a result of Defendants' improper accounting for earn-out payments to certain Huron employees. (Compl. ¶ 123). The concealed information would have been material to Huron's shareholders in determining whether to ratify the appointment of PwC as the Company's independent auditor. (Compl. ¶ 125).

It is beyond dispute that federal courts have exclusive jurisdiction over Exchange Act claims. *See* 15 U.S.C. § 78aa ("The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits . . . brought to enforce any liability or duty created by this chapter or the

rules and regulations thereunder . . . "); *see also McGough v. First Arlington Nat'l Bank*, 519 F.2d 552, 554 (7th Cir. 1975) ("[Exchange Act claims] are pure federal remedies of congressional creation."); *Finkielstain v. Seidel*, 857 F.2d 893, 896 (2d Cir. 1988).

Accordingly, when a party has claims that can only be vindicated in federal court, such as here, abstention is not appropriate. *See Snellback Props. L.L.C. v. Aetna Dev. Corp.*, No. 08 C 7326, 2009 WL 1606945, at *2 (N.D. Ill. June 9, 2009). Indeed, "the burden on a party advocating for a *Colorado River* stay is almost insurmountable when the federal claim asserted lies within the exclusive jurisdiction of the federal courts, as is the case here." *Prominent Consulting LLC v. Allen Bros. Inc.*, 543 F. Supp. 2d 877, 882 (N.D. Ill. 2008). "[T]he district court has no discretion to stay proceedings as to claims within exclusive federal jurisdiction under the wise judicial administration exception" recognized in *Colorado River. Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213 (7th Cir. 1988).

Courts have routinely denied requests for abstention under the *Colorado River* doctrine when Exchange Act claims are present. *See In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849 (NGG)(RER), 2006 WL 3193709, at *1-3 (E.D.N.Y. Nov. 2, 2006); *Finkielstain*, 857 F.2d at 896 (abstention of action involving Exchange Act claims "not appropriate"); *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 464 (S.D.N.Y. 2003) ("Numerous cases have held that, because federal jurisdiction over securities claims is exclusive, abstention with regard to an action involving federal securities claims is inappropriate . . ."); *Lawrence v. Cohn*, 932 F. Supp. 564, 575 (S.D.N.Y. 1996) (refusing to abstain from considering Exchange Act claims); *Fields v. Allied Capital Corp.*, No. 89 Civ. 5679 (TPG), 1990 WL 128908, at *2 (S.D.N.Y. Aug.

9

28, 1990) (because "Federal courts have exclusive jurisdiction over [Exchange Act] claims . . . *Colorado River* abstention is therefore inappropriate"); 17A *Moore's Federal Practice* § 122.06[5][b]; Erwin Chermerinsky, *Federal Jurisdiction*, § 14.3 at 831-33 (3d ed. 1999).

Defendants' only response to the indisputable fact that the federal court has exclusive jurisdiction over the claims under §14(a) of the Exchange Act is to assert that the Complaint makes no such claims. (Defs.' Mem. at 9-10.) Defendants are wrong. Plaintiff Oakland County's original Complaint, filed on October 7, 2009, expressly asserted claims pursuant to § 14(a) of the Exchange Act. (Dkt. No. 1, ¶¶ 106-112.) Moreover, the January 15, 2010 Consolidated Complaint even more explicitly articulated Plaintiffs' § 14(a) claims. (Compl. ¶¶ 76, 122-126.) Plaintiffs have clearly pled these claims, and they are well-founded. These federal claims cannot be pursued in state court, and thus the federal action and State Court Action are not "parallel." Accordingly, if the two cases are not parallel, the *Colorado River* doctrine does not apply. *See AAR*, 250 F.3d at 518. "If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, it would be a 'serious abuse of discretion' for the district court to stay or dismiss a case in deference to the parallel litigation." *Id.* at 518 (internal quotations omitted). This Action should therefore not be stayed.

### 2. The *Colorado River* Factors Warrant Denial of the Stay.

Abstention is unwarranted because the State Court Action and this Action are not parallel, as demonstrated above. *Brinks Inc. v. Mahone*, No. 08 C 4711, 2008 WL 4543033, at *1 (N.D. Ill. Oct. 8, 2008). Assuming, *arguendo*, the Court were to apply the

*Colorado River* factors[2], a balancing of the *Colorado River* considerations at issue here, and giving due weight to the heavy presumption favoring this Court's exercise of jurisdiction, the Motion to Stay must be denied. The Colorado River factors do not demonstrate any "exceptional circumstances" to justify abstention of this Action. *Albert Trostel & Sons Co. v. Notz*, 536 F. Supp. 2d 969, 983 (E.D. Wis. 2008) (considering the nonexclusive factors in deciding whether "exceptional circumstances" justify abstention). Indeed, several factors weigh against abstention, as demonstrated below.

### a. The Federal Court Has Exclusive Jurisdiction over Plaintiffs' Section 14(a) Claims.

As stated herein, Plaintiffs allege claims pursuant to § 14(a) of the Exchange Act which are governed solely by federal law and cannot be adjudicated in State Court. Therefore, concurrent jurisdiction does not exist; the State Court cannot adequately protect Plaintiffs' rights; and a stay of the Federal Action would create piecemeal litigation,[3] as if this Court was to stay this Action, the parties would need to return to this Court at the conclusion of the State Action in order to litigate the federal claims. A consideration of these factors clearly weighs against abstention.

---

[2] As stated above, the Seventh Circuit has recognized the following factors to consider: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Id.* at 592; *Caminiti & Iatarola*, 962 F.2d 698, 701 (7th Cir 1992).

[3] Defendants also cite the possibility of both state and federal courts making rulings on demand futility as weighing in favor of granting a stay. A similar argument was made in *Comverse*, 2006 WL 3193709, at *7, and soundly rejected. The *Comverse* court found that "the practical effect of Comverse's argument is to abdicate to the state court the decision on whether plaintiffs' federal securities claims should proceed in the first instance, thereby largely divesting the Court of jurisdiction over claims which Congress intended to reside exclusively in the federal courts." *Id* at *4. The same rationale applies here, where Defendants seek to divest this Court of jurisdiction over Plaintiffs' Exchange Act claims.

Moreover, the State Action does not include any additional claims that have not been raised in the Federal Action or cannot be properly adjudicated by the Federal Court. In fact, none of the claims in the Federal Action or the State Action are governed by Illinois state law. Rather, Plaintiffs' breach of fiduciary duty claims are governed by the law of the state of incorporation, Delaware. *Seidel v. Byron*, 405 B.R. 277 (N.D. Ill. 2009) (applying Delaware law to breach of fiduciary duty claims involving a Delaware corporation located in Illinois). As such, the Federal Court is the more appropriate forum because it can address Plaintiffs' federal claims as well as claims arising under Delaware law.

The instant case differs significantly from *Clark*, cited extensively by Defendants. In *Clark*, the United States District Court for the Northern District of Illinois stayed a federal case in favor of a state court action filed in New York. *See Clark*, 376 F.3d at 686. The principal reason for the court's decision is that New York state law applied to the action.[4] The Court reasoned that a New York state court is better equipped to handle a case applying and interpreting New York law:

> Next, we agree with the district court's determination that because both cases are governed by New York law, it is better to defer to the New York courts to consider the issues presented. "[A] state court's expertise in applying its own law favors a *Colorado River* stay." *Day v. Union Mines, Inc.,* 862 F.2d 652, 660 (7th Cir. 1988). In this case, it makes more sense to allow a New York state court to resolve whether under New York law pre-suit demand was excused and whether a claim for breach of fiduciary duty has been stated against the defendants.

*Id.* at 687-88. In contrast, here, the State Court would not be applying or interpreting Illinois state law but rather Delaware law. As such, not only can the Federal Court just as

---

[4] An additional distinguishing factor about *Clark* is that there were no federal claims in that case, unlike here. The Court in *Comverse*, *supra*, at *6, which contained Exchange Act claims, found *Clark* to be inapposite for this same reason.

easily apply Delaware law, it also has exclusive jurisdiction over Plaintiffs' § 14(a) claims. In consideration of the *Colorado River* factors, the governing federal law, the absence of concurrent jurisdiction and the inadequacy of the State Action to protect Plaintiffs' rights weigh against abstention.

### b. The Order in Which Jurisdiction Was Obtained Is Inconsequential.

Defendants' entire Motion essentially rests on one factor, *i.e.*, that the State Action was filed first. The Federal Action was only filed forty (40) days after the State Action was filed. Furthermore, the State Action is obviously a race to the courthouse, as those actions were filed only eleven days after Huron restated its historical financial results. Furthermore, these "race to the courthouse" complaints are clearly evidenced by a reading of the Hacias complaint, which named only three defendants and failed to name any of the other Board members. As such, this factor does not weigh in favor of abstention and is inconsequential to Defendant's Motion to Stay.

### c. The Federal Action Has Progressed Further Than the State Action.

The Federal Action has progressed further than the State Action. Although the State Action was filed first, the parties in the State Action failed to advance the case. Instead, they used the time to forum-shop for a state judge. Indeed, between September 28, 2009 and December 16, 2009, the case was assigned to five different judges, with all but the first reassignment requested by Defendants. Finally, on December 16, 2009, the State Action was re-assigned to the Honorable Martin S. Agran. Apparently satisfied with the judge assigned to the State Action, Defendants filed this Motion to Stay three days later on December 21, 2009.

During the months that the State Court parties were forum-shopping for a favorable judge, the Federal Action was progressing expeditiously. On November 23, 2009, the Court entered an Order appointing lead plaintiff and lead counsel, and set a schedule for filing an amended complaint and briefing on motions to dismiss. Plaintiffs filed their Consolidated Amended Complaint on January 15, 2010. Defendants' responsive pleading was originally due 60 days later but is now due 20 days after the Court rules on this Motion to Stay, which, the Court has indicated, will be issued on or about March 16, 2009. Even with the considerable delay caused by the briefing of this Motion to Stay, which is not attributable to Plaintiffs, Defendants' responsive pleading is still scheduled to be filed no later than around April 5 – 17 days before it is now due in the State Action. Clearly, the State Action is lagging considerably, despite being first filed. It was only recently that an order appointing lead counsel and setting a briefing schedule was entered in the State Action. The lack of progress made in the State Action, compared to the Federal Action, weighs against the granting of a stay.

### d.    Federal Court Is More Convenient Than State Court.

Defendants do not, and cannot, argue that the Federal Court is an inconvenient forum, because both the Federal Action and the State Action are pending in courts located in Cook County Illinois. (Defs.' Mem. at 15.) However, Defendants fail to acknowledge that adjudicating this case in Federal Court would actually be *more* convenient for Defendants. This Court is presiding over the related federal securities class case against Huron, entitled *Hughes v Huron Consulting Group, Inc. et al*, Case No. 09-cv-04734 ("Securities Class Action"). As such, the Court would be most knowledgeable about the underlying facts and progress of both the Federal Action and

14

the Securities Class Action. The Court is also in the position to coordinate litigation and discovery in the two federal cases, as the evidence and witnesses will inevitably overlap. The resources necessary to defend and try this Action will be greatly reduced for all parties, including Defendants, if discovery, deadlines, hearing dates and other aspects of case management of the two federal cases are coordinated. Accordingly, the efficiencies of having the derivative and securities class actions heard in the same forum weigh strongly in favor of denying Defendants' Motion to Stay.

### e. All Other *Colorado River* Factors Are Neutral or Inapplicable.

The rest of the factors are neutral or inapplicable for the following reasons: (1) as Defendants concede, the state has not assumed jurisdiction over any property (Defs.' Mem. at 15); (2) the availability of removal appears to be unavailable, as there is not complete diversity of citizenship, since plaintiff Hacias and several Defendants are Illinois residents; and (3) Defendants' assertion that Plaintiffs' federal claims are vexatious or contrived is based on their inaccurate claim that Plaintiffs do not allege any false proxy statements to support their Section 14(a) claims (Defs.' Mem. at 9), which they clearly do (Compl. ¶¶ 76, 122-126).

A thorough examination of the *Colorado River* factors shows that all of them weigh against abstention, or are neutral, which also weighs against a stay. Accordingly, the Court should deny Defendants' Motion for Stay.

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs request that this Court deny Defendants' Motion to Stay Federal Proceedings Pending the Resolution of Parallel State Proceedings.

DATED:  January 29, 2010

**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLC**

/s/ John E. Tangren
Mary Jane Fait
Adam J. Levitt
John E. Tangren
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Tel:  (312) 984-0000
Fax:  (312) 984-0001

**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
Gregory Mark Nespole
David L. Wales
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 545-4653

**THE MILLER LAW FIRM, P.C.**
E. Powell Miller
Marc L. Newman
Jayson E. Blake
950 West University Drive
Suite 300
Rochester, Michigan  48307
Tel:  (248) 891-2200

**BARROWAY TOPAZ KESSLER**
  **MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Tara P. Kao
280 King of Prussia Road
Radnor, Pennsylvania  19087
Tel:  (610) 667-7706

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that on this 29th day of January, 2010 copies of Plaintiffs' ***Plaintiffs' Opposition to Defendants' Motion to Stay Federal Proceedings Pending the Resolution of Parallel State Proceedings*** were served by causing a true and correct copy of same to be delivered to all Filing Users through the Court's ECF system.


                                             /s/ John E. Tangren
                                                  John E. Tangren